### HENRY HELLMAN

v.

### AUGUST SCHIFFER AND LORENZ REITZ, SHERIFF.

*Judgment and Attachment Liens—Priority—Judgments at Same Term —Right to* pro rate *under Secs. 1 and 13, Ch. 77, R. S.—Amount Due— Judicial Sales—*Caveat Emptor.

1. Under Secs. 1 and 13, Ch. 77, R. S., property on which an execution has been levied must be sold for the benefit of all executions issued upon judgments rendered at the same term, and the proceeds of such sale must be divided upon the several executions *pro rata.*

2. In the case presented, it is *held:* That the order to *pro rate* was properly based upon the balance due on appellant's judgment when the real estate was sold, after deducting the amount realized on said judgment by a previous sale of personal property; that the court properly refused to allow proof that part of the property so sold as personalty has since been taken as realty, the rule *caveat emptor* being applicable; and that certain intervening attachment liens did not cut off the last judgment from the right to *pro rate* with that of appellant.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Statement of the case by WELCH, J. On May 25th at the regular May term of the Will County Circuit Court, Henry Hellman recovered a judgment against August Schiffer for the sum of $7,203. At the September term of said court, Hellman filed his sworn petition and asked for a rule on the Sheriff to issue to him a certificate of purchase to a certain tract of 26.32 acres of land purchased by him under a sale made by the Sheriff under his execution, issued on said judgment. The land was purchased at the sum of $1,965, which sum he requested the Sheriff to apply on his judgment and execution, which the Sheriff refused to do, on the ground that other liens were claimed on the real estate sold and its proceeds. The reply of the Sheriff to the petition of appellant states : " The following is a statement of executions now in my possession, also amount realized by sale of personal property and real estate belonging to the defendant, August Schiffer :

| | | |
|---|---|---|
| Henry Hellman v. August Schiffer, damages | $7,203 | 00 |
| Satisfied by sale of personal property | 5,117 | 46 |
| Balance due | $2,085 | 54 |
| Herman Badenhoop v. August Schiffer, damages | $1,458 | 52 |
| Otto Butz    "    "    "    " | 2,285 | 00 |

The said Butz execution returned by plaintiff's order unsatisfied."

The attachment writs on which levy was made and certificates filed in Recorder's office, are:

| | | |
|---|---|---|
| Sophia Keursten v. August Schiffer, claims | $1,439 | 84 |
| Gray, Burt and Kingman v. August Schiffer, claims | 294 | 42 |
| Henry Brown v. August Schiffer, claims | 1,206 | 66 |
| Total on attachment | $2,940 | 92 |
| Amount realized from sale of real estate on September 16, 1885.   Paid by Henry Conrad | $ 151 | 00 |
| Bid by Henry Hellman | 1,965 | 00 |
| Total | $2,116 | 00 |

The said Henry Hellman claims that the amount of his bid shall be credited to him on his execution, and the said Badenhoop claims a *pro rata* share of the proceeds and I desire the advice and order of the court in the premises.

Order of court finds:

That on May 25, 1885, at the May term of the Will County Circuit Court, petitioner, Henry Hellman, recovered a judgment against August Schiffer for $7,203 and costs.   That execution was issued thereon and delivered to the Sheriff on May 25, 1885, and said petitioner realized by sale of personal property, $5,117.46.   That by virtue of said execution said Sheriff sold in due form of law, on September 16, 1885, to plaintiff, in execution, for the sum of $1,965, the real estate described as follows:

26.32 acres (giving full description), all in Will County, Illinois.   And to one Henry Conrad for $151, certain other real estate, which sum of $151 is now in Sheriff's hands. That at divers times, to wit:   On May 30, 1885; on June 3, 1885; on June 4, 1885, and on June 5, 1885, certificates of levy against said August Schiffer and upon the real estate thus sold, were filed by said Sheriff and recorded in the Recorder's office of Will County.   That on June 10, 1885, suit was commenced and process issued out of the Will County Circuit Court against said August Schiffer for claims against him as school treasurer of the town of Monee in said Will County.   That on June 15, 1885, Herman Badenhoop recovered a judgment against August Schiffer for $1,458.52 and

costs. That an execution was issued ·thereon and delivered to the Sheriff on June 15, 1885. Therefore, the court finds that the said Herman Badenhoop is entitled to a *pro rata* share with the said Henry Hellman upon the money made upon the sale of said real estate. That the amount due said Henry Hellman at the time of the sale of real estate is $2,085.54; and the amount due Herman Badenhoop is $1,458.52; and that the amount for distribution after payment of costs is $2,075.41. That the *pro rata* share of Hellman is $1,221.43, and of Badenhoop is $853.98.

It is therefore ordered that upon said Hellman paying to the Sheriff the sum of $853.98 to be applied on said Badenhoop execution, that said Sheriff deliver to said Hellman a certificate of purchase in pursuance of the sale to him in due form of law.

Petitioner excepts and prays an appeal, which was granted.

Various errors are assigned. The principal errors are: The court erred in not finding that appellant had a prior lien on the real estate sold. The court erred in refusing to direct that the whole proceeds of the real estate should be applied upon his judgment and the execution thereon, upon which the sale was made. The *pro rata* order of distribution made by the court, is contrary to law. That no portion of the proceeds should have been applied on Herman Badenhoop's judgment.

Mr. A. O. MARSHALL, for appellant.

Messrs. JOHN T. DONAHOE and HALEY & O'DONNELL, for appellees.

Messrs. R. E. BARBER and J. B. FITHIAN, for attachment creditors.

WELCH J. The question presented for consideration in this case has not, as far as we have been able to ascertain, been directly presented or passed upon by the Supreme Court. It involves the proper construction and legal effect of Secs. 1 and 13 of Chap. 77, Revised Statutes. Sec. 1 provides: " That

a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revised, for the period of seven years, and no longer.   Provided, that there shall be no priority of the lien of one judgment over that of another, rendered at the same term of court or on the same day in vacation."   And Sec. 13 of Chap. 77, *supra:* " When the lien of several judgments is concurrent, by reason of the same having been rendered at the same term of court, or on the same day in vacation, and execution issued upon any one of such judgments is levied upon property subject to such lien, the property so levied upon shall be sold for the benefit of all executions issued upon such judgments, and delivered to the same officer or any of his deputies before sale. And the proceeds of such sale shall be divided upon the several executions *pro rata*, according to their several amounts."

These two sections are in perfect harmony with each other. Although it is stated in the body of Sec. 1 that the *lien* is from the date the judgment is rendered, the right to the exclusive benefit of this *lien* is qualified by the proviso : " That there shall be no priority of the lien of one judgment over that of another rendered at the same term of court." The proviso qualifies the body of the section.   Boon v. Juliet, 1 Scam. 258.

There is no question made that the facts as found by the court are not sustained by the proof.   The objection is based on a claimed error in the application of the law to the facts.

The court finds : That on May 25, 1885, appellant recovered his judgment against August Schiffer for $7,203 and costs, and caused execution to issue thereon, and placed same in the hands of the Sheriff on same day, and that he had realized by sale of personal property, $5,117.46.   That by virtue of said execution said Sheriff sold in due form of law, on September 16, 1885, to plaintiff in execution, for the sum of $1,965, certain real estate.   And to Henry Conrad for $151 certain other real estate, which sum of $151 was in Sheriff's hands.   That at the same term, to-wit, June 15, 1885, Herman Badenhoop recov-

ered a judgment against August Schiffer for the sum of $1,458.52 and costs. That an execution was issued thereon and delivered to the Sheriff on the 15th day of June, 1885. Applying the law, *supra*, to the facts of the case, Badenhoop recovered his judgment at the same term, caused his execution to issue thereon and placed it in the hands of the Sheriff. The execution of Hellman being levied upon the real estate, "The property so levied upon must be sold for the benefit of all executions issued upon the judgments rendered at the same term, and the proceeds of such sale shall be divided upon the several executions *pro rata* according to their amounts." *Ita lex scripta est.* It is, however, insisted that the order to *pro rate* should have been based upon the amount of appellant's judgment, and that no deduction should have been made for amount realized on personal property.

The time when a lien commences on personal property, as declared in Sec. 9, Chapter 77, *supra*, "No execution shall bind the goods and chattels of the person against whom it is issued, until it is delivered to the Sheriff, or other proper officer, to be executed." Sec. 51, Chapter *supra*, provides if the goods and chattels sold on execution have been attached or seized on execution by another creditor, the proceeds of the sale shall be applied to the discharge of the judgments in the order in which the respective writs of attachment or executions became a lien, or are by law entitled to share. Badenhoop, by virtue of his execution, acquired no lien to share in the proceeds of the sale of the personal property in this case, as it did not amount to a sum sufficient to pay off the prior lien of appellant. Appellant having sold the personal property, and by such sale having received the full benefit of his execution lien thereon, can not now complain that he should be required to *pro rate* with Badenhoop, in accordance with the amount due him, at the time of such sale of the real estate. Could it be claimed that he had the right to sell real estate for the full amount of his judgment, and thus cut off the liens of the attaching creditors? Manifestly not. Or could it be claimed that he had the right even to sell for the balance due and claim a *pro rata* on the whole amount of his judgment?

Hellman v. Schiffer.

His lien upon the real estate created by his judgment had been extinguished to the extent of the amount realized from the sale of the personal property.

And his lien at the time of the sale was for the balance due at that time on the judgment, and as to that balance, Badenhoop was entitled to his *pro rata* share.

It is also insisted by counsel for appellant that the court erred in not allowing him to prove that the amount of $1,400 charged to him as the avails of personal property was for a bid made by him for a grain warehouse building struck off as personal property, and that the building had been taken from his possession as real estate covered by prior liens. Our answer to this objection is that this was a judicial sale, and that the rule *caveat emptor* applies to all such sales. England v. Clark, 4 Scam. 486; Misner v. Eronger, 4 Gilm. 69.

It is further insisted by counsel for appellant that under the law the intervening liens cut Badenhoop off from sharing in the sales of the real estate made on Hellman's execution, and that the court should have ordered the entire amount applied to his execution. The lien of Hellman was prior to that of the intervening liens. Their liens were subordinate to his. Under Secs. 1 and 13, Chap. 77, *supra*, he had no priority over Badenhoop to the extent of his lien. We are of the opinion that the order made in this case is in perfect harmony with the law. And if, as claimed by counsel in this case, it works great hardship and injustice to the appellant, such arguments would be proper and right to the law-making power in this State. Our duty is to administer the law as we find it.

If the law is oppressive or unjust in any of its provisions, a strict enforcement thereof will the more speedily result in its change. The order made by the Circuit Court in this case is affirmed.

*Order affirmed.*